---------------------------------------------------:

In re:

HO WAN KWOK, *et al.*,[1]

                  Debtors.

---------------------------------------------------:

LUC A. DESPINS, CHAPTER 11
TRUSTEE,

                  Plaintiff,

v.

CHRIS LEE,

                  Defendant.

---------------------------------------------------

Chapter 11

Case No. 22-50073 (JAM)

(Jointly Administered)

Adversarial Proceedings

Case No.: 24-05166

DEC 18 2025 PM2:54
FILED-USBC-CT-BPT

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
## TO ADVERSARY COMPLAINT AND CLAIM FOR TRIAL BY JURY

Defendant, Chris Lee ("Defendant"), answers the complaint filed by
Luc A. Despins, Chapter 11 Trustee (the "Trustee") on February 12, 2024, ECF No. 1 (the
"Complaint"), and asserts its affirmative defenses to the claims alleged therein, as follows:

### NATURE OF ACTION

1. Paragraph 1 states a legal conclusion, as to which no response is required.
   Defendant therefore leaves the Trustee to his proof. To the extent a response is required,
   Defendant denies the factual allegations of this paragraph.

---

[1] The Debtors in the main Chapter 11 case are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
Kwok) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax
identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever
Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY
10166, c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok.

2. Defendant admits that Defendant received $400,000.00 from Rule of Law Society IV Inc. ("Rule of Law") after the Petition Date[2]. Defendant denies that it was the initial transferee. As to the remaining allegations in Paragraph 2, Defendant lacks sufficient knowledge or information to form a belief and therefore leaves the Trustee to his proof and denies the same.

3. Paragraph 3 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

## JURISDICTION AND VENUE

4 Paragraph 4 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

5. Paragraph 5 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

6. Paragraph 6 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

## THE PARTIES

7. Admitted.

8. Admitted.

## FACTS

9. Admitted.

10. Admitted.

11. The first sentence of Paragraph 11 refers to a document that speaks for itself and, therefore, Defendant leaves the Trustee to his proof and denies the same. The balance of Paragraph 11 states legal conclusions, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

12. Admitted.

---

[2] Capitalized terms used herein that are not otherwise defined shall have the meaning ascribed to such terms in the Trustee's Complaint.

13. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 13 and therefore leaves the Trustee to his proof and denies the same.

14. Admitted that the Trustee has commenced a number of adversary proceedings in the Chapter 11 Case. As to the remaining allegations in Paragraph 14, Defendant lacks sufficient knowledge or information to form a belief and therefore leaves the Trustee to his proof and denies the same.

15. Paragraph 15 states legal conclusions, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegation of this paragraph.

16. Paragraph 16 refers to a document that speaks for itself and therefore, Defendant leaves the Trustee to his proof and denies the same. Defendant denies that any of the findings alleged have any legal effect as to Defendant in this adversary proceeding. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant lacks sufficient knowledge or information to form a belief as to the allegations in Paragraph 21 and therefore leaves the Trustee to his proof and denies the same.

22. Denied.

## FIRST CLAIM

23. Defendant repeats and realleges its responses to Paragraphs 1–22, inclusive, as if fully set forth herein.

24. Denied.

25. Defendant denies that any Debtor made any of the transfers at issue and therefore denies that there is a relevant petition date for any transfer. Paragraph 25 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

26. Paragraph 26 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

27. Paragraph 27 states a legal conclusion, as to which no response is required. Defendant therefore leaves the Trustee to his proof. To the extent a response is required, Defendant denies the factual allegations of this paragraph.

28. Denied.

29. Denied.

## TRUSTEE'S PRAYER FOR RELIEF

Denies that the Trustee is entitled to any relief he seeks against Defendant referenced in paragraph 1 of the Trustee's Prayer for Relief

Denies that the Trustee is entitled to any relief he seeks against Defendant referenced in paragraph 2 of the Trustee's Prayer for Relief

Denies that the Trustee is entitled to any relief he seeks against Defendant referenced in paragraph 3 of the Trustee's Prayer for Relief

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Trustee's Adversary Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

### SECOND AFFIRMATIVE DEFENSE

The Trustee's Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

To the extent that any transfers alleged constitute a transfer of an interest of the Debtor, the Trustee's claims are barred to the extent the transfers were accepted for value and in good faith on account of debt validly owed within the meaning of 11 U.S.C. § 548(c).

### FOURTH AFFIRMATIVE DEFENSE

To the extent that any transfers alleged constitute a transfer of an interest of the Debtor, the Defendant is entitled to a right to retain an interest in the asset transferred, enforcement of the obligation, or a reduction in the amount of liability on the judgment to the extent the Defendant was a good-faith transferee or obligee within the meaning of N.Y. Debt. & Cred. Law § 277(b).

## FIFTH AFFIRMATIVE DEFENSE

To the extent that any transfers alleged constitute a transfer of an interest of the Debtor, the Trustee's claims are barred to the extent the transfers were taken in good faith and for a reasonably equivalent value within the meaning of N.Y. Debt. & Cred. Law § 277(a).

## SIXTH AFFIRMATIVE DEFENSE

To the extent that any transfers alleged constitute a transfer of an interest of the Debtor, the Trustee's claims are barred to the extent the transfers were made in the ordinary course of business or financial affairs of the Debtor (or the Debtor's alter ego) and Defendant within the meaning of N.Y. Debt. & Cred. Law § 277(f).

## SEVENTH AFFIRMATIVE DEFENSE

The claims against the Defendant are barred in that none of the payments alleged in the Complaint constitute a transfer of an interest in property of the Debtor.

## EIGHTH AFFIRMATIVE DEFENSE

The claims against the Defendant are barred in accordance with 11 U.S.C. § 550 in that the Defendant is not a party from which the Trustee can seek relief.

## NINTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred because the Debtor suffered no damage, injury, or otherwise as a result of the transfers.

## TENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrines of waiver, release, equitable estoppel, and/or judicial estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by ratification.

## TWELVETH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrine of *in pari delicto*.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred because any recovery would constitute unjust enrichment.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred under the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the Court finds that Defendant is liable to the Trustee, Defendant is entitled to set-off for any and all amounts owed by the Debtor (or the Debtor's alter egos) to Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Trustee lacks standing to bring this adversary proceeding.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that any transfers alleged constitute a transfer of an interest of the Debtor, the Defendant was a mere conduit of certain transfer and, therefore, such transfers are not recoverable from Defendant.

## NINTEENTH AFFIRMATIVE DEFENSE

The Bankruptcy Court lacks subject matter jurisdiction over this matter.

## TWENTIETH AFFIRMATIVE DEFENSE

The Defendant reserves the right to supplement the responses set forth herein and/or assert other defenses, claims and/or setoff and recoupment rights to the allegations set forth in the Complaint to the extent additional information is discovered through further investigation, the discovery process and/or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays for the entry of judgment dismissing or otherwise denying all of the Trustee's claims in this Action, including an award to Defendant of any of his applicable costs and disbursements, along with any further, different or other relief that the Court deems just, equitable and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Defendant hereby claims the right to trial by jury in this matter and demands the same.

Dated: _____, California

November 25 2025

The Defendant
Chris Lee

By: _____

Chris Lee
Address
Ph:

_____

i

Chris Lee
649 Puma Canyon Ln
Glendora CA 91740

SANTA ANA CA 926

15 DEC 2025 PM 6 L

FOREVER USA

Attention: Judge Julie A. Manning
Federal Courthouse,
915 Lafayette Blvd, Bridgeport,
CT 06604

06604-470699